**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt.Loker@loker.law
Scott Plescia, Esq. (349319)
scott.plescia@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Valentino Nunes

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINO NUNES,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.; U.S. BANK NATIONAL ASSOCIATION D/B/A ELAN FINANCIAL SERVICES; AND, RADIUS GLOBAL SOLUTIONS LLC,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>II.  **CALIFORNIA IDENTITY THEFT ACT; AND**<br><br>III. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

2. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

3. VALENTINO NUNES ("Plaintiff"), by Plaintiff's attorneys, bring this action to challenge the actions of CITI BANK, N.A. ("Citi"), U.S. BANK NATIONAL ASSOCIATIO D/B/A ELAN FINANCIAL SERVICES (U.S BANK"); AND, RADIUS GLOBAL SOLUTIONS LLC ("Radius") with regard to attempts by Defendants to unlawfully and abusively collect an invalid debt from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff's damages.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant'' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq; (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"); and (iii) the California Identity Theft Act, Cal. Civ. Code § 1798.82, et seq. ("CITA").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Stanislaus County; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

# PARTIES

13. Plaintiff is a natural person who resides in Stanislaus County, California

14. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

15. Defendants are also each a "claimant" as that term is defined by California Civil Code § 1798.92(a).

16. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

17. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

18. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

# FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff is an individual's residing within the State of California.

20. Plaintiff is the victim of prolonged identity theft and has spent years attempting to correct the damage to his credit and financial standing. The fraudulent activity was perpetrated by Plaintiff's father, who repeatedly and without authorization used Plaintiff's personal identifying information to obtain multiple loans in Plaintiff's name, leaving Plaintiff responsible for debts he did not incur.

21. As a result of identity theft, Plaintiff incurred numerous unauthorized loan accounts across several financial institutions, including JPMorgan Chase Bank, Southwest Bank, and Defendants U.S. Bank and Citibank. Plaintiff never applied for, approved, or benefited from these loans.

22. One such fraudulent account includes a Citi Mastercard issued by Citibank, N.A., ending in 3564, which has been repeatedly placed into collection despite Plaintiff's disputes

23. Collection letters dated April 19, 2025, and May 7, 2025, sent by Radius Global Solutions LLC on behalf of Citibank, N.A., allege a balance of approximately $5,320.47 on the Citi Mastercard account ending in 3564.

24. Plaintiff reported this account as fraud and identity theft, including directly disputing the account with Citibank and its agents, and advising that the account was opened without his knowledge or authorization.

25. Despite Plaintiff's fraud reports, Citibank issued letters dated May 30, 2025, and June 26, 2025, stating that Citibank had "completed its investigation" and concluded Plaintiff was responsible for the account, relying primarily on the fact that account correspondence was sent to an address associated with Plaintiff

26. Citibank's investigation failed to meaningfully address Plaintiff's identity-theft allegations, failed to account for the misuse of Plaintiff's identity by a family member, and failed to conduct a reasonable investigation into the origin and use of the account.

27. Contrary to Citibank's stated conclusion, the Citi Business Mastercard accounts at issue were not mailed to an address where Plaintiff lived or received mail. Instead, the cards were mailed to an address associated with the fraudster— Plaintiff's father, at a location Plaintiff has never resided at, leased, or maintained, and with which Plaintiff has no connection.

28. At no time did Plaintiff receive, possess, activate, or use the Citi Business Mastercard accounts. Citibank failed to reconcile the fact that the delivery address for the cards did not match Plaintiff's residential history, failed to verify occupancy or identity at the delivery location, and failed to investigate the obvious indicia of third-party fraud.

29. By ignoring the mailing-address mismatch and relying solely on conclusory assertions regarding prior account history or internal account conversions, Citibank conducted an unreasonable and inadequate investigation into Plaintiff's identity-theft dispute and improperly concluded that Plaintiff was responsible for debts he did not incur.

30. Plaintiff was also subjected to collection activity on a separate Citi Mastercard account ending in 4152, with an alleged balance of approximately $5,165.39

31. This account was likewise disputed as fraudulent and opened without Plaintiff's authorization.

32. American Recovery Service Incorporated ("ARSI") and Radius Global Solutions LLC both attempted to collect on this account on Citibank's behalf, despite Plaintiff's disputes and fraud notifications

33. Citibank again closed its investigation by asserting that Plaintiff was responsible for the account, citing mailing addresses and account conversions, without addressing the substance of Plaintiff's identity theft claim

34. The U.S. Bank account ending in 0591 was also opened without Plaintiff's knowledge, consent, or authorization using Plaintiff's personal identifying information by a third party.

35. Plaintiff did not apply for, open, activate, possess, or use the U.S. Bank account ending in 0591 and did not authorize any third party to do so on his behalf.

36. After learning of the fraudulent account, Plaintiff repeatedly notified and disputed the account directly with U.S. Bank, including by contacting U.S. Bank's fraud and security departments and advising that the account was the product of identity theft.

37. Plaintiff specifically advised U.S. Bank that he was the victim of identity theft and that the account ending in 0591 was opened and used by a third party without authorization.

38. Despite Plaintiff's repeated fraud reports, U.S. Bank continued to treat the account as valid and collectible and continued collection efforts through third-party debt collectors, including Radius Global Solutions LLC.

39. Collection notices sent on U.S. Bank's behalf alleged a balance of approximately $6,541.44 on the account ending in 0591, notwithstanding Plaintiff's repeated identity-theft disputes.

40. U.S. Bank represented that it had reviewed or investigated Plaintiff's identity-theft claims, yet failed to conduct a reasonable investigation into whether Plaintiff authorized the accounts. FCRA

41. Defendants' investigations were unreasonable.

42. More specifically, Defendants should have discovered from Defendants own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff provided information showing that the debt was fraudulently incurred due to Plaintiff's stolen identity.

43. Plaintiff contends that it was unreasonable for Defendants to not contact Plaintiff for further information if needed; and, to not contact any individuals or parties associated with the prior matter to determine the status of the debt.

44. Plaintiff's continued efforts to correct Defendants erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

45. Accordingly, Defendants willfully and negligently failed to comply with Defendant's respective duties to reasonably investigate Plaintiff's dispute.

46. Defendants' conduct has caused Plaintiff emotional distress.

47. Plaintiff has spent numerous hours disputing this inaccurate information with Defendants to provide any and all information needed for the investigations.

48. While Plaintiff was always thorough in Plaintiff's disputes, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

49. As a direct and proximate result of Defendants willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's inaccurate and derogatory information, without success.

50. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

51. To report an ongoing obligation despite the invalid nature of this account shows that Defendant took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

# COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(P) (FDCPA)

## [AGAINST RADIUS GLOBAL SOLUTIONS LLC]

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

54. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

# COUNT II

## VIOLATION OF CALIFORNIA'S IDENTITY THEFT ACT

## CAL. CIV. CODE §§ 1798.92-1798.97 (CITA)

## [AGAINST ALL DEFENDANTS]

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute numerous and multiple violations of CITA.

57. As a result of each and every violation of CITA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

# COUNT III
# VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
# CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)
# [AGAINST ALL DEFENDANTS]

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

60. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1),
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A),
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3),
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code §

1788.30(b), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;
- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- Attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5),
- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and,
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

61. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: January 16, 2026                                                                    Respectfully submitted,

**LOKER LAW, APC**

By:  ___/s/ Scott M. Plescia___
SCOTT M. PLESCIA, ESQ.
ATTORNEY FOR PLAINTIFF